IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>VS.<br><br>**ANGEL MARTINEZ**, *et al.*,<br><br>Defendants | NO. 5: 07-CR-16 (WDO)<br><br>VIOLATIONS: 21 U.S.C. §846, Etc. |

# ORDER ON DEFENDANT ANGEL MARTINEZ'S
# MOTION FOR A BILL OF PARTICULARS

Defendant **ANGEL MARTINEZ** has moved the court for an order directing the United States to supply his counsel with various particulars as to the charges set forth against him by filing a BILL OF PARTICULARS. Tab #187. In *Dillen v. Wainwright*, 449 F.2d 331, 332 (5th Cir.1971), the court stated: "In federal prosecutions, the bill of particulars does not have the function of providing detailed disclosure of the government's evidence in advance of trial. All that is necessary is that the defendant be advised of any essential detail which may have been omitted from the indictment."

"The purpose of a bill of particulars is to inform the defendant of the charge against him with sufficient precision to allow him to prepare his defense, to minimize surprise at trial, and to enable him to plead double jeopardy in the event of a later prosecution for the same offense." *United States v. Cole*, 755 F.2d 748, 760 (11th Cir.1985) (citations omitted). In addition, an indictment charging conspiracy need not be as specific as a substantive count. *United States v. Ramos*, 666 F.2d 469, 475 (11th Cir.1982), citing *Brown v. United States*, 403 F.2d 489 (5th Cir. 1968). The government is not required to even allege or prove an overt act in a conspiracy prosecution brought under 21 U.S.C. §846. *Ramos, supra*, (citations omitted).

In the court's view, the indictment herein is sufficiently detailed so as not to require that a BILL OF PARTICULARS be filed by the government. Accordingly, defendant's motion for a BILL OF PARTICULARS is **DENIED**.

SO ORDERED, this 15th day of MAY, 2007.

CLAUDE W. HICKS, JR.
UNITED STATES MAGISTRATE JUDGE