IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | | |
|---|---|---|
| ANGEL MARTINEZ, | * | |
| Petitioner, | * | Case No. 5:09-CV-00016 HL |
| vs. | * | 28 U.S.C. § 2255 |
| | | Case No. 5:07-CR-00016 HL |
| UNITED STATES OF AMERICA, | * | |
| Respondent. | * | |

**REPORT AND RECOMMENDATION**

Petitioner Martinez's Motion to Vacate, Set Aside, or Correct his sentence pursuant to 28 U.S.C. § 2255 is before this court for preliminary consideration under Rule 4 of the Rules Governing Section 2255 Proceedings For The United States District Courts.

**Procedural History**

On March 15, 2007, Petitioner Martinez was indicted and charged in Count One with Conspiracy to Possess With Intent to Distribute Crack Cocaine in violation of 21 U.S.C. § 846 i/c/w 21 U.S.C. § 841(a)(1), § 841(b)(1)(A)(ii), and 18 U.S.C. § 2, and other Counts of Possession of Crack Cocaine With Intent to Distribute. (Doc. 1). On September 25, 2007, Petitioner Martinez entered into a Plea Agreement with the Government (Doc. 310) and pleaded guilty to Count One as recited above. (Doc. 311). The Court sentenced Petitioner Martinez on January 10, 2008 to a term of imprisonment of 51 months, dismissing the remaining Counts against Petitioner. (Doc. 442). Judgment was entered on the conviction and sentence on January 15, 2008. (Doc. 456). Additionally, the Court entered upon the docket on January 18, 2007, Notice of *Defendant's Refusal Either to Pursue or Waive Appeal of Sentence.* (Doc. 468). Petitioner Martinez did not appeal his conviction and sentence. However, on or about October 13, 2009, Petitioner Martinez filed a Motion To Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. § 2255. (Doc. 539).

Stated in the § 2255 form used by Petitioner Martinez to file his Motion To Vacate Sentence, was that portion of the Anti-Terrorist and Effective Death Penalty Act (AEDPA) which provides at 28 U.S.C. § 2255(f) the following:

> A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of– **(1)** the date on which the judgment of conviction becomes final;  **(2)** the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action; **(3)** the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or **(4)** the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

Petitioner asserts in his § 2255 Motion that the date of the judgment of his conviction was September 10, 2008. (Doc. 539 at 3).  However, the Return on Imprisonment with a copy of the January 10, 2008 Judgment attached (Doc. 506) to which Petitioner refers is not his Judgment of conviction and sentence, but rather the form directing that the defendant Martinez be remanded to the custody of the United States Marshal, for delivery to the Federal Bureau of Prisons, which was returned as executed by a Deputy U.S. Marshal and certified by Scott P. Fisher, Warden, Federal Correctional Facility, Pensacola, FL, with a copy of the District Court's Judgment of January 15, 2008 (Doc. 456) attached. (Doc. 506). Petitioner Martinez is mistaken that this document represents his conviction and sentence date.  His date of Judgment remains January 15, 2008 (Doc. 456), and the finality thereof was January 25, 2008, when his direct appeal time expired. Therefore, Petitioner's Motion To Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. § 2255 (Doc. 539) signed by him on October 13, 2009, if considered filed on that date, would have been eight (8) months and eighteen (18) days after expiration of the AEDPA one-year period of limitations, and therefore time-barred.

## Conclusions of Law

In *Kaufmann v. United States,* 282 F.3d 1336, 1337 (11th Cir. 2002), the Court observed, "The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) provides, *inter alia,* that a habeas petition *may not be filed* more than one year from 'the date on which the judgment becomes *final.'* 28 U.S.C. § 2255(1)." (emphasis added). In *United States v. Locke*, 471 U.S. 84, 105 S.Ct. 1785, (1985), the Court ruled:

> The notion that a filing deadline can be complied with by filing something after the deadline falls due is . . . a notion without principle. If 1-day late filings are acceptable, 10-day late filings might be equally acceptable, and so on in a cascade of exceptions that would engulf the rule erected by the filing deadline; yet regardless of where the cutoff line is set, some individuals will always fall just on the other side of it. Filing deadlines, like statute of limitations, necessarily operate harshly and arbitrarily with respect to individuals who fall just on the other side of them, but if the concept of a filing deadline is to have any content, the deadline must be enforced.

*Id.,* 471 U.S. at 101, 105 S.Ct. at 1796. "A filing deadline cannot be complied with, substantially or otherwise by filing late – even one day." *Carlisle v. United States*, 517 U.S. 416, 430, 116 S.Ct. 1460 (1996). Petitioner Martinez's Motion To Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. § 2255 is time-barred by the provisions of the AEDPA and the above precedent.

**WHEREFORE, IT IS RECOMMENDED** that Petitioner's Motion To Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. § 2255 be DENIED as barred by the statute of limitations. Pursuant to 28 U.S.C. § 636 (b)(1), Petitioner and/or the Government may serve and file written objections to this Recommendation with the UNITED STATES DISTRICT JUDGE, WITHIN FOURTEEN (14) DAYS after being served with a copy hereof.

**SO RECOMMENDED** this 14th day of April 2010.

S/G. MALLON FAIRCLOTH
UNITED STATES MAGISTRATE JUDGE